UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TROY MOORE,<br><br>  Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | Case No. 1:25-cv-00454-KES-HBK<br><br>ORDER DIRECTING DEFENDANT TO SERVE COPY OF THE CERTIFIED ADMINISTRATIVE RECORD ON PRO SE PLAINTIFF<br><br>AUGUST 11, 2025 DEADLINE |

Plaintiff Michael Troy Moore is proceeding pro se in this action challenging the denial of social security benefits. (Doc. No. 1). The Court granted Plaintiff's motion for leave to proceed *in forma pauperis*. (Doc. No. 4). On May 8, 2025, the Clerk issued summons (Doc. No. 5) and a scheduling order (Doc. No. 6). On June 18, 2025, the Commissioner electronically filed a copy of the administrative record ("CAR"). (Doc. No. 9). The filing of the CAR triggered the deadline by which Plaintiff was to file a motion for summary judgment. (*Id*. at ¶ 3). On July 21, 2025, the Court docketed Plaintiff's pleading titled "Motion for Summary Judgment due to Default of Default by Defendant." (Doc. No. 12, "Motion").

As an initial matter, the Court notes that, pursuant to the scheduling order, the CAR "shall be deemed an answer to the complaint," and "shall be filed electronically." (Doc. No. 6 at 2, ¶ 2). Thus, despite Plaintiff's argument in his Motion that Defendant "[h]as not sent the answer to Plaintiff," Defendant properly complied with the Court's Scheduling Order because the CAR was

electronically filed with the Court on June 18, 2025, well before the 60-day deadline after service of the Complaint. (*Id.*; Doc. No. 9). However, upon review of the record the Court finds no certificate of service or any other indication that the CAR was served on the pro se Plaintiff, in addition to being properly filed with the Court.

Because the Court cannot discern whether Plaintiff was served with the CAR, in an abundance of caution, the Court will direct Defendant to provide a duplicate copy of the CAR to Plaintiff. Upon receiving the CAR, Plaintiff will be given the opportunity to withdraw his Motion for Default and file his opening brief. Plaintiff is reminded to review the Court's Scheduling Order for further direction as to what Plaintiff's motion for summary judgment "shall contain." (Doc. No. 6, at 2-3, ¶ 7).

Accordingly, it is **ORDERED**:

1. Defendant shall file a notice of service of a duplicate copy of the CAR on Plaintiff **no later than August 11, 2025**.

2. After receiving the CAR, Plaintiff may inform whether the Court he wishes to voluntarily withdraw his "Motion for Summary Judgment due to Default of Default by Defendant." (Doc. No. 12) and file a motion for summary judgment **no later than September 10, 2025**. If Plaintiff fails to file his motion for summary judgment by this date, the pending Motion shall be deemed submitted, and Defendant shall file their cross-motion for summary judgment **no later than October 10, 2025**.

Dated: July 28, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2