UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TROY MOORE,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 1:25-cv-00454-KES-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT WITHOUT PREJUDICE[1]<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S CONSTRUED MOTIONS FOR DEFAULT JUDGMENT<br><br>(Doc. Nos. 12, 16, 17)<br><br>OBJECTIONS DUE IN FOURTEEN DAYS |

    Pending before the Court is pro se Plaintiff Michael Troy Moore's "Motion for Summary Judgment due to Default of Default by Defendant" filed July 21, 2025, his supplemental Motion for Summary Judgment filed on August 14, 2025, and his Motion for Summary Judgment filed on August 15, 2025. (Doc. Nos. 12, 16, 17, together "Motions"). For the reasons set forth below, the undersigned recommends that Plaintiff's Motions for Summary Judgment and construed Motions for Default Judgment be denied without prejudice.

////

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

I. **BACKGROUND**

Michael Troy Moore ("Plaintiff") is proceeding pro se on a Complaint filed on April 21, 2025, seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for social security benefits. (Doc. No. 1). The Court granted Plaintiff's motion for leave to proceed *in forma pauperis*. (Doc. No. 4). On May 8, 2025, the Clerk issued summons (Doc. No. 5) and a scheduling order (Doc. No. 6). On June 18, 2025, the Commissioner electronically filed a copy of the administrative record ("CAR"). (Doc. No. 9). The filing of the CAR triggered the deadline by which Plaintiff was to file a motion for summary judgment. (*Id*. at ¶ 3). On July 21, 2025, the Court docketed Plaintiff's pleading titled "Motion for Summary Judgment due to Default of Default by Defendant" based on Plaintiff's contention that Defendant's had failed to respond to the May 8, 2025 summons within 60 days. (Doc. No. 12).

On July 28, 2025, the Court entered an Order directing Defendant to provide Plaintiff with a duplicate copy of the CAR and affording Plaintiff the opportunity to file motion for summary judgment regarding the final decision denying his application for social security benefits after reviewing the CAR. (Doc. No. 14). The Court also noted that Defendant did comply with the Court's Scheduling Order by electronically filing the CAR with the Court on June 18, 2025, well before the 60-day deadline after service of the Complaint. (Doc. No. 6 at 2, ¶ 2; Doc. No. 9).

On August 14, 2025, Plaintiff filed a "Supplemental Motion for Summary Judgment" arguing that "procedural violations, material admissions of fault by Defendant, and failure to comply with mandatory service and notice provisions … constitute clear grounds for judgment in Plaintiff's favor without need for trial, under both Rule 56 and the default provisions of Rule 55(a)." (Doc. No. 16 at 3). Plaintiff additionally argues that his Fifth and Fourteenth Amendment rights were violated by the magistrate judge's sua sponte order granting Defendant an extension to complete service of the CAR and the return of the Court's order granting the extension of time as "undeliverable" thereby impeding his opportunity to object to the "unilateral extension"; violation of the Equal Protection Clause because Plaintiff's filings were "scrutinized under a higher standard"; and a lack of judicial impartiality by "unilaterally accommodating"

Defendant. (*Id.* at 3-7). On August 15, 2025, Plaintiff filed a "second" Motion for Summary Judgment in order to "enter into the record" the notice of service by Defendant acknowledging their failure to mail a paper copy of the CAR to Plaintiff and apologizing to the Court and Plaintiff for the error. (Doc. No. 17). Plaintiff also restated his argument regarding "magisterial bias in favor of Defendant," requested communications between the assigned magistrate judge and Defendant under the Freedom of Information Act ("FOIA"), and asked the Court to "schedule" a jury trial. (*Id.*).

On August 27, 2025, Defendant filed an opposition to Plaintiff's Motions arguing Plaintiff failed to show default judgment is appropriate under Rule 55, summary judgment should be denied because Plaintiff fails to state any reason to disturb the ALJ's denial of social security benefits pursuant to 42 U.S.C. § 405(g), the procedural issues do not amount to constitutional violations, there is no evidence of bias toward Defendant, and Plaintiff is not entitled to a jury trial.

## II. APPLICABLE LAW AND ANALYSIS

First, to the extent Plaintiff argues he is entitled to summary judgment under Federal Rule of Procedure 56(a), this argument is unavailing. A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). Here, Plaintiff argues that due to Defendant's failure to properly serve the CAR, the Court's Order "sua sponte" granting Defendant time to serve the CAR, Plaintiff's inability to respond to that Order as it was returned as undeliverable, and the resulting violations of Plaintiff's constitutional right to due process, Plaintiff should be granted to summary judgment and immediate award of "back monies" from his alleged onset date of disability in August 2002. (*See generally* Doc. Nos. 12, 16, 17). However, Plaintiff fails to make any argument or allegation that the decision of the ALJ is not supported by substantial evidence or based on legal error. Nor does Plaintiff argue that he was denied due process of law at any point during the Commissioner's adjudication of his application for benefits. *See, e.g., Gonzalez v. Sullivan*, 914 F.2d 1197, 1203

(9th Cir. 1990) (claimant's fifth amendment right to due process was violated because notice of the Commissioner's adverse decision did not clearly indicate that if no request for reconsideration was made, the determination was final); *Dexter v. Colvin*, 731 F.3d 977, 980 (9th Cir. 2013) (noting cases arising under the Social Security Act generally are not subject to review unless they challenge a "final decision of the Secretary made after a [statutorily mandated] hearing" with the exception of "any colorable constitutional claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination."). Thus, in light of this Court's limited scope of review, the undersigned recommends denying Plaintiff's Motions for Summary Judgment in this action seeking review of the Commissioner's decision denying him social security benefits. (*See* Doc. No. 1).

Second, Plaintiff argues he is entitled to "Summary Judgment" pursuant to Federal Rule of Civil Procedure 55(a), "based on Defendant's procedural default." (*See* Doc. Nos. 12, 16, 17). The Supreme Court has instructed the federal courts to liberally construe the "inartful pleading[s]" of pro se litigants. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Thus, the Court will proceed to consider whether Plaintiff is entitled to default judgment under FRCP 55(a). Federal Rule of Civil Procedure 55(b)(2) allows the court to enter judgment against a party following the clerk of court's entry of default under 55(a). The court cannot enter default judgment if the defendants were not properly served. *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992). If the court determines service was proper, the court is bound by to undertake an analysis applying the "*Eitel*" factors enumerated in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) before entering a default judgment.

Specifically, the court considers the following factors: (1) the potential prejudice to the plaintiff, (2) the underlying claim's merits and sufficiency, (3) the amount of money at stake, (4) the possibility of a factual dispute, (5) whether the default resulted from excusable neglect, and (6) the court's overriding preference to issue decisions on the merits. (*Id*). After the clerk enters a default, the court shall accept "as true all factual allegations in the complaint, except those as to the amount of damages." *Yoon Chul Yoo v. Arnold*, 615 F. App'x. 868, 870 (9th Cir. 2015); Fed.

R. Civ. P. 8(b)(6). The court also does not accept facts that are not well pled or statements that constitute conclusions of law. *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1078 (C.D. Cal. 2012). Ultimately, the decision of whether to grant a default judgment lies within the discretion of the court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

Even liberally construed, Plaintiff's motion for default judgment is procedurally and substantively improper. As an initial matter, Plaintiff failed to obtain an entry of default from the Clerk of Court before moving for default judgment as required under FRCP 55(a). Fed. R. Civ. P. 55(a). Moreover, even setting aside this procedural deficiency, the Court would recommend denying Plaintiff's motion for default judgment after application of the *Eitel* factors. *Eitel*, 782 at 1471-72. First, while Plaintiff may have suffered minimal prejudice for Defendant's admitted mistake in failing to timely serve a paper copy of the CAR on pro se Plaintiff, Defendant did timely file it with the Court per the Scheduling Order deadlines and immediately provided a copy to Plaintiff when directed. (*See* Doc. No. 9; Doc. Nos. 13-15; Doc. No. 17 at 3-4). Second, Plaintiff fails to present any argument as to the merits or sufficiency of his claim for judicial review of the Commissioner's denial of benefits; thus, the Court is unable to properly weigh the second and third *Eitel* factors. *See Wells Fargo Equip. Fin., Inc. v. Virk Sys., Inc.*, 2021 WL 347408, at *2 (E.D. Cal. Feb. 2, 2021) (default judgment will only be granted if plaintiff's complaint states a claim that supports the desired relief).

As to the remaining relevant *Eitel* factors, "because this is a Social Security case, there will likely be a material dispute concerning the facts in this action, and as a general rule, default judgments are disfavored. Cases should be decided upon their merits whenever possible. Finally, a default judgment may only be entered against the United States or its agencies if the claimant establishes a claim or a right by evidence that satisfies the Court." *Tripp v. Astrue*, 2010 WL 3502638, at *1-2 (E.D. Cal. Sept. 2, 2010) (internal citations omitted) (citing *Borzeka v. Heckler*, 739 F.2d 444, 446 (9th Cir. 1984) (default judgment not appropriate in Social Security case because the motion only alleged that the Commissioner had not timely responded to the complaint and, therefore, did not address the merits of the case); Fed. R. Civ. P. 55(d). Here, as discussed *supra*, Plaintiff has not established the merits of a "right or claim to relief by evidence"

5

1  satisfactory to this Court. Based on the foregoing, to the extent they are construed as motions for
2  default judgment based on Defendant's untimely service of the CAR on Plaintiff, the undersigned
3  recommends denying the Motions. As noted below, the Court will nonetheless recommend
4  further modification of the briefing schedule to address any prejudice Plaintiff may have suffered
5  as a result of the delay in service.

6  Third, Plaintiff asserts a variety of arguments regarding alleged bias or impartiality of the
7  assigned magistrate judge, including, improperly granting Defendant a 60-day extension to serve
8  the CAR on Plaintiff sua sponte and not allowing Plaintiff the opportunity to object because the
9  court's Order was undeliverable, "[taking] no action to hold Defendant accountable and restore
10 procedural balance in favor of Plaintiff" despite Defendant's admission via an "apology letter"
11 that they failed to serve the CAR on Plaintiff by the deadline, and "unfair scrutiny" of Plaintiff's
12 filings under a "higher standard" in violation of the Equal Protection clause of the Fourteenth
13 Amendment. (Doc. No. 16 at 4-7; Doc. No. 17). While Plaintiff does not explicitly argue that the
14 assigned magistrate judge should disqualify herself, he supports many of these arguments with
15 citations to 28 U.S.C. § 455(a). (Doc. No. 16 at 3-7).

16 Pursuant to 28 U.S.C. § 455, a magistrate judge of the "shall disqualify himself in any
17 proceeding in which his impartiality might reasonably be questioned." The standard for
18 disqualification is "[w]hether a reasonable person with knowledge of all the facts would conclude
19 that the judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109
20 F.3d 1450, 1453-54 (9th Cir. 1997) (citing *United States v. Studley*, 783 F.2d 934, 939 (9th Cir.
21 1986) ("Ordinarily, the alleged bias must come an extrajudicial source."). "[J]udicial rulings
22 alone almost never constitute a valid basis for a bias or partiality motion," and "opinions formed
23 by the judge on the basis of facts introduced or events occurring in the course of the current
24 proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion
25 unless they display a deep-seated favoritism or antagonism that would make fair judgment
26 impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

27 Here, Plaintiff repeatedly contends the Court sua sponte granted a 60-day extension of
28 time for Defendant to serve the CAR on Plaintiff. (Doc. Nos. 16, 17). This is inaccurate. After

1  reviewing Plaintiff's first "Motion for Summary Judgment due to Default of Default by
2  Defendant," (Doc. No. 12), the Court directed Defendant on July 28, 2025 to file a notice of
3  service of a duplicate copy of the CAR, previously filed electronically with the Court, on Plaintiff
4  by August 11, 2025.  (Doc. No. 14).  The Order also allowed Plaintiff additional time to file a
5  motion for summary judgment after receipt of the CAR and allowed Defendant additional time to
6  file a cross-motion for summary judgment.  (*Id*.).  And as noted below, the assigned magistrate
7  judge recommends Plaintiff be granted another opportunity to file revised motion for summary
8  judgment addressing the ALJ's decision denying him benefits, which arguably resolves any
9  minimal prejudice to Plaintiff for the delay in receiving the CAR.  The Court finds no reasonable
10 basis for questioning the assigned magistrate judge's impartiality in this matter.

11     Finally, regarding his request that the Court order "full disclosure of any ex parte
12 communications" between Defendant and the Court, Plaintiff is advised that the "courts of the
13 United States" are expressly exempted from the Freedom of Information Act's operation.  *See* 5
14 U.S.C. § 551(1)(b); *see also Warth v. Dep't of Justice*, 595 F.2d 521, 522 (9th Cir. 1979).  And as
15 to his request for a jury trial, there is no right to a jury trial in an action seeking judicial review of
16 the Commissioner's final decision denying social security benefits pursuant to 42 U.S.C. §
17 405(g).  *See, e.g., Ginter v. Sec'y of the Dep't of Health, Ed. & Welfare*, 621 F.2d 313 (8th Cir.
18 1980) (citing *Richardson v. Perales*, 402 U.S. 389 (1979)).

19     Accordingly, it is ORDERED:
20     The Court declines to disqualify itself.
21     It is further **RECOMMENDED**:
22     1.  Plaintiff's Motions for Summary Judgment be **DENIED** without prejudice;
23     2.  Plaintiff's Construed Motions for Default Judgment be **DENIED**;
24     3.  The Court enter a revised briefing schedule for filing of Plaintiff's opening brief,
25         Defendant's response, and any reply by Plaintiff.
26                                    NOTICE TO PARTIES
27     These Findings and Recommendations will be submitted to the United States District
28 Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id*.; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:     November 25, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

8