**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL TROY MOORE, | Case No. 1:25-cv-0454 KES HBK |
| Plaintiff, | ORDER TO PLAINTIFF TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO FILE HIS MOTION FOR SUMMARY JUDGMENT REGARDING THE CHALLENGED ADMINISTRATIVE DECISION |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Michael Troy Moore seeks judicial review of an administrative decision related to his applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. *See generally* Doc. 1.

On January 16, 2026, the Court issued an order directing Plaintiff to file a motion for summary judgment/ opening brief within 30 days.[1]  Doc. 20.  Although Plaintiff filed several other documents in this action, he has not filed a brief addressing the merits of his request for judicial review as ordered.

Previously, the Court instructed that a proper motion for summary judgment/ opening

---

[1] The U.S. Postal Service returned the order as "Undeliverable, Return to Sender, Not deliverable as Addressed" on April 21, 2026.  The Court also notes that documents have been returned as undeliverable since July 2025, and Plaintiff has not filed a change of address as required under Local Rule 183(b).  It appears that Plaintiff checks the status of this matter electronically, as his filings reference documents that were returned as undeliverable.  Regardless, service of the Court's order was deemed fully effective pursuant to Local Rule 182(f).

1

brief must include:

> (a) A description of the plaintiff's alleged physical or emotional impairments, including when the plaintiff contends the impairments became disabling, and how these impairments disable the plaintiff from work;

> (b) A summary of relevant medical evidence, including an explanation of the significance of clinical and laboratory findings and the purpose and effect of prescribed medication and therapy;

> (c) A summary of the relevant testimony at the administrative hearing;

> (d) A recitation of the defendant's findings and conclusions relevant to the plaintiff's claims;

> (e) A short, separate statement of each of the plaintiff's legal claims stated in terms of the insufficiency of the evidence to support findings of fact or reliance upon an erroneous legal standard; and

> (f) Argument separately addressing each claimed error. Argument in support of each claim of error must be supported by citation to legal authority and explanation of the application of such authority to the facts of the particular case.

Doc. 6 at 3 (emphasis omitted).  To date, Plaintiff has not filed a brief that complies with these requirements, as required for the Court to review the challenged administrative Social Security decision.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's failure to obey a court order, failure to prosecute, or failure to comply with local rules. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

2

**Accordingly, Plaintiff is ORDERED to show cause <u>no later than June 22, 2026,</u> why terminating sanctions should not be imposed for failure to follow the Court's orders and failure to prosecute the action.  In the alternative, Plaintiff SHALL file <u>by June 22, 2026</u> a motion for summary judgment / opening brief that complies with the above requirements.**

Other pending filings by Plaintiff will not be considered, pending his compliance with this order.

IT IS SO ORDERED.

Dated:  ___June 9, 2026___         _____
                                  UNITED STATES DISTRICT JUDGE