**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL TROY MOORE, | Case No. 1:25-cv-0454 KES HBK |
| Plaintiff, | ORDER DISMISSING THE ACTION WITHOUT PREJUDICE, TERMINATING |
| v. | PENDING MATTERS AS MOOT, AND DIRECTING THE CLERK OF COURT TO |
| COMMISSIONER OF SOCIAL SECURITY, | CLOSE THE CASE |
| Defendant. | |

Michael Troy Moore seeks judicial review of an administrative decision related to his applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. *See generally* Doc. 1. As Moore failed to file an opening brief in this action that complies with this Court's orders, the action is DISMISSED without prejudice.

## I.    RELEVANT BACKGROUND

On April 21, 2025, Moore initiated this action by filing a complaint and application to proceed in forma pauperis. Docs. 1, 2. On May 8, 2025, the Court issued its scheduling order regarding briefing for the Social Security appeal, including what information was required from Moore for the Court to adequately review the challenged administrative decision. Doc. 6. Consistent with the scheduling order, the Commissioner electronically filed the Certified Administrative Record on June 18, 2025. Doc. 9.

On July 28, 2025, the Court observed the Commissioner did not file proof of service

1

indicating the record was served by mail upon Moore. Doc. 14 at 2. The Court directed the Commissioner to mail a copy of the record; the Court mailed a copy of its order to Moore. *Id.* On August 5, 2025, the U.S. Postal Service returned the Court's order that had been sent to Moore, with the marking "Undeliverable, Not at this Address."

The magistrate judge issued findings and recommendations to deny Moore's pending motions for summary judgment and default judgment on November 25, 2025. Doc. 19. The Postal Service returned the Court's mailing of that order as "Undeliverable, Not at this Address; Insufficient Address," on December 29, 2025.

On January 16, 2026, the Court issued an order adopting the findings and recommendations. The Court also directed Moore to file his motion for summary judgment regarding the Social Security appeal within 30 days. Doc. 20. The Postal Service also returned this court mailing as "Undeliverable, Return to Sender, Not deliverable as Addressed," on April 21, 2026.

On June 9, 2026, the Court issued an order to Plaintiff as to why terminating sanctions should not be imposed. Doc. 39 at 2. The Court observed that Plaintiff's noncompliance with the order to file a motion for summary judgment / opening brief had prevented the Court from reviewing the challenged administrative Social Security decision. *Id.* The Court directed Plaintiff to show cause no later than June 22, 2026, why the action should not be dismissed; alternatively, the Court's order permitted Plaintiff to file a brief by that deadline that complied with the requirements identified by the Court's orders. *Id.* at 3. The Court indicated other pending filings by Plaintiff would "not be considered, pending his compliance" with the order. *Id.*

On June 23, 2026, Moore filed an untimely response to the Court's order. Doc. 40. He asserts that he was unaware of the Court's order dated January 16, 2026. *Id.* at 1. Moore also asserts that the Court erred in directing him to provide "a description of … [his] alleged physical and emotional impairments," because his "impairments are not merely 'alleged.'" *Id.* Further, Moore contends that he is unable to prepare an opening brief because Defendants did not provide the administrative record to him in an electronic format. *Id.* Moore also asserts that he has reviewed the docket on PACER, which charges fees to view full documents. *Id.* at 3. Moore

2

argues the action should not be dismissed and the Court should rule on his pending motions, including motions for summary judgment and default judgment.  *Id.*

## II.     TERMINATING SANCTIONS

District courts have inherent power to control their dockets," and in exercising that power, a court may impose terminating sanctions.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  To determine whether to dismiss an action for failure to prosecute, failure to comply with Local Rules, or failure to obey the Court's order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1424; *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (identifying the same factors).

## III.    DISCUSSION AND ANALYSIS

The Court finds Plaintiff has failed to comply with its orders to file a motion for summary judgment / opening brief addressing the challenged administrative Social Security decision. Although Plaintiff contends the Commissioner did not provide the administrative record to him in electronic format, the Commissioner was not required to do so.  The Commissioner provided the record in paper format by mail with a confirmed delivery by UPS, which Plaintiff does not dispute. *See* Doc. 15.  As a result, Plaintiff possessed the record required to prepare the brief as ordered.  Plaintiff instead has filed several documents and motions that do not comply with the orders of the Court.  He does not show good cause for his failure to comply with the orders, particularly as Plaintiff admits that he has viewed the docket on PACER and remained aware of the litigation status.

### A.     Public Interest and the Court's Docket

The Ninth Circuit has noted that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). District courts have an inherent interest in managing their dockets without being subject to noncompliant litigants. *Ferdik*, 963 F.2d at 1261.  Moore's failure to comply with the Court's

order to file an opening brief properly challenging the administrative decision prevents the Court from moving the case forward and caused the proceedings to stall.  Consequently, these two factors weigh in favor of imposing a terminating sanction.

### B.    Prejudice to Defendant

To determine whether the defendant suffer prejudice, the Court must "examine whether the plaintiff's actions impair the … ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone v. U.S. Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987) (citation omitted).  A presumption of prejudice arises when a plaintiff unreasonably delays the prosecution of an action.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  Moore's failure to file an opening brief/ motion for summary judgment thwarts the Court's review of the administrative decisions challenged in the complaint.  This factor weighs in favor of dismissal of the action.

### C.    Consideration of Less Drastic Sanctions

The Ninth Circuit has indicated it is an abuse of discretion to dismiss "without first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. Nat'l Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir. 1986).  Dismissal *without* prejudice is a "less drastic sanction" than dismissal *with* prejudice.  *Mangistu v. La Kretz*, 678 Fed. Appx 570, 571 (9th Cir. 2017); *see also Brammer v. Yates*, 584 Fed. Appx 614, 615 (9th Cir. 2014) (acknowledging dismissal without prejudice for the pro se plaintiff's failure to comply with local rules was a "less drastic" sanction).  Thus, the dismissal without prejudice ordered below is a less drastic sanction and satisfies the *Henderson* and *Ferdik* factors.  *See id.*  Moreover, the Court's warning to Plaintiff that the action may be dismissed satisfies this requirement.  *See Malone v. U.S. Postal Service*, 833 F.2d 128, 133 (9th Cir. 1987).

### D.    Public Policy

The policy favoring disposition of cases on their merits is outweighed by the other factors that favor dismissal.  *See Malone*, 833 F.2d at 133, n.2 (explaining that although "the public policy favoring disposition of cases on their merits … weighs against dismissal, it is not sufficient to outweigh the other four factors").

///

4

## IV.    CONCLUSION AND ORDER

Based upon the foregoing, a terminating sanction is appropriate for Moore's failure to comply with the orders directing filing of the opening brief / motion for summary judgment addressing the challenged administrative decision.  The Court ORDERS:

1.    This action is DISMISSED without prejudice.

2.    All other pending matters in this case are terminated as MOOT.

3.    The Clerk of Court is directed to close the action.

IT IS SO ORDERED.

Dated:    June 25, 2026

_____
UNITED STATES DISTRICT JUDGE